UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE DE JESUS LARA ROSAS (A-Number: 240-696-411),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-3784-DJC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Josue De Jesus Lara Rosas, a citizen of Mexico, entered the United States without permission in 2016. He was detained by ICE on March 21, 2026, upon his release from local law enforcement custody. Petitioner, proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondent counters that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). For the following reasons, I recommend that the petition be granted and that respondent be ordered to provide petitioner a bond hearing.

**Background**

Petitioner entered the United States without permission in June 2016 when he was approximately fifteen years old. ECF No. 1 at 6; ECF No. 7-1 at 1. Petitioner has been convicted of crimes in the United States, including reckless driving, possession of a stolen vehicle, robbery, violation of a domestic violence restraining order, and assault with a deadly weapon. *See* ECF No. 7-3. Petitioner is the father of a U.S. citizen child. ECF No. 1 at 6. On January 22, 2026, while petitioner was in a local jail serving a criminal sentence, immigration authorities issued him a notice to appear ("NTA") charging that he is subject to removal because he is an "alien present

in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *See* ECF No. 7-2 at 1.

ICE agents took petitioner into immigration custody on March 21, 2026, upon his release from jail. ECF No. 7-1 at 2. Petitioner has remained in immigration custody since that date without a bond hearing. ECF No. 1 at 16-17.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention without a bond hearing violates due process. ECF No. 1 at 17-18. Respondent counters that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A). ECF No. 7 at 2-4. Under section 1226(c)(1)(A), the attorney general "shall take into custody" any noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, applies to any noncitizen "convicted of . . . a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i). Petitioner's 2025 conviction for assault with a deadly weapon in violation of California Penal Code section 245(a)(1) qualifies as a crime involving moral turpitude under *Matter of Wu*, 27 I&N Dec. 8, 15 (BIA 2017). *See* ECF No. 7-3 at 16.

Petitioner correctly notes that the NTA charges him with being subject to removal because he is an "alien present in the United States without being admitted or paroled, or who arrived in

the United States at any time or place other than as designated by the Attorney General." ECF No. 7-2 at 1. The NTA does not charge petitioner with inadmissibility based on his conviction of a crime of moral turpitude.

The parties' dispute centers on whether respondent may mandatorily detain petitioner on a ground that is not contained within the NTA. *See* ECF Nos. 16, 18, & 21. Respondent argues that the NTA is irrelevant to the statutory grounds for mandatory detention. ECF No. 18. Petitioner argues that he must be given notice in the NTA of any ground for which respondent may mandatorily detain him. ECF No. 16. Petitioner further argues that, without such notice, he must be provided a bond hearing. ECF No. 21.

I find that petitioner has the better argument. In *In re Kotliar*, 24 I&N Dec. 124 (March 21, 2007), which respondent cites in its supplemental answer, the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." *Id.* at 127. This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.* "[W]here the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." *Id.*

Petitioner's NTA does not include the ground for removal that respondent alleges authorizes the government to mandatorily detain him. *See* ECF No. 7-2. Under *Kotliar*, 24 I&N Dec. at 127, petitioner "must be given notice of the . . . convictions that provide the basis for mandatory detention and an opportunity to challenge the detention." Without such notice in the NTA, petitioner must be provided "an opportunity to challenge the detention" at a bond redetermination hearing. *Id.* Despite citing *Kotliar* in its briefing, respondent has not provided the requisite notice or a bond hearing at which petitioner may challenge his detention.[1] I recommend that the petition be granted and that respondent be ordered to provide petitioner a bond hearing. *See C.Q. v. Warden of Golden State Annex Det. Center*, No. 1:26-cv-4317-MWJS,

---

[1] Respondent argues that if the petition is granted, the only appropriate relief is a bond hearing. *See* ECF No. 7 at 7.

2026 WL 1999922, at *2 (E.D. Cal. July 10, 2026) (ordering bond hearing where NTA did not provide notice of any "criminal ground of inadmissibility or deportability").

**Conclusion**

Accordingly, petitioner's request for continuance of the due date for his reply brief, ECF No. 15, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 240-696-411) be provided a bond hearing before a neutral adjudicator in accordance with 8 U.S.C. 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. Within 24 hours of the filing of the court's order, respondent shall personally serve petitioner with this order and file proof of such service on the docket.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE